United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40098
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER MOISES PARAJON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1350-ALL

---

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Elmer Moises Parajon appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal. He argues that the district court committed reversible *Fanfan*[1] error under *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him (prior to *Booker*) pursuant to a mandatory

---

[*] Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).

application of the Sentencing Guidelines. The Government asserts that he invited the *Fanfan* error or waived his claim by requesting a sentence at the low end of the guidelines range.

As this court has construed comments of defense counsel narrowly in applying the invited error doctrine, the Government has not shown that Parajon invited the *Fanfan* error. *See United States v. Green*, 272 F.3d 748, 754-756 (5th Cir. 2001). Furthermore, as the record does not indicate that Parajon intentionally relinquished his *Fanfan* claim, the Government has not shown that Parajon has waived the claim. *See United States v. Reyes-Celestino*, ___ F.3d ___ (slip op. 1873; No. 05-40368, 5th Cir. Mar. 17, 2006) (express consent "to be sentenced pursuant to the applicable Sentencing Guidelines" not waiver of *Fanfan* error); *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).

As the Government concedes, Parajon preserved his *Fanfan* claim for review by raising an objection based upon *Blakely v. Washington*, 542, U.S. 296 (2004), in the district court. *See Walters*, 418 F.3d at 462-63.[2] Accordingly, the question before us "is whether the government has met its burden to show harmless error." *Id*. at 464.

The district court erred by sentencing Parajon pursuant to a

---

[2] At rearraignment, at which Parajon's plea was accepted, the court assured counsel that objections to sentencing enhancements under *Blakely* were preserved.

mandatory application of the Guidelines. *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 732 (5th Cir.), *cert. denied*, 126 S.Ct. 267 (2005). After granting his request for a downward departure in criminal history category from V to IV (reducing his guideline range from 46 to 57 months to 37 to 46 months), the district court sentenced Parajon to 40 months, near the middle of the thus calculated guidelines range, and refused Parajon's request to further reduce the sentence but gave no indication as to the sentence it would impose if the Guidelines were held unconstitutional or advisory. In these circumstances, the Government has not met its "arduous burden" of showing that the error was harmless. *United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005) (internal quotation marks omitted). Accordingly, we vacate Parajon's sentence and remand to the district court for resentencing.

Parajon's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Parajon contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S.Ct. 298 (2005). Parajon properly concedes that his argument is

3

foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED;

REMANDED FOR RESENTENCING.