# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20622

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EPHESIAN JOHNNY FRANKLIN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, ELROD, and HIGGINSON, Circuit Judges.
STEPHEN A. HIGGINSON, Circuit Judge:

Defendant-Appellant Ephesian Johnny Franklin pleaded guilty to being a felon in possession of a firearm. Franklin appeals the mental health program special condition of his supervised release. We VACATE the mental health program special condition and REMAND to the district court for resentencing.

## I.

On October 8, 2014, a grand jury returned a one-count indictment charging Franklin with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Franklin pleaded guilty, and was sentenced to thirty months in prison and twenty-four months of supervised

release. One special condition imposed on Franklin during his supervised release required him "to participate in a mental health program as deemed necessary and approved by the probation officer." Franklin appeals this mental health condition of his supervised release, arguing primarily that it is ambiguous as to the scope of the district court's delegation of authority to the probation officer.

## II.

"A defendant has a constitutional right to be present at sentencing." *United States v. Bigelow*, 462 F.3d 378, 380–81 (5th Cir. 2006) (alteration omitted) (quoting *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003)). Accordingly, when a district court's written judgment conflicts with its oral pronouncement of the sentence, the oral pronouncement controls. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). We normally review for abuse of discretion the imposition of a special condition of supervised release. *United States v. Rodriguez*, 558 F.3d 408, 412 (5th Cir. 2009). However, if a defendant fails to object to the special conditions when they are announced at sentencing, we review for plain error. *See, e.g., United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010); *United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009). Nonetheless, when a defendant appeals a supervised release condition alleging ambiguity between the written judgment and the oral pronouncement, we review for abuse of discretion if the defendant "had no opportunity at sentencing to consider, comment on, or object to the special conditions later included in the written judgment." *Bigelow*, 462 F.3d at 381; *see also United States v. Calhoun*, 471 F. App'x 322, 323 (5th Cir. 2012) (unpublished).

No. 15-20622

Franklin asks us to apply the abuse of discretion standard of review, while the Government argues for plain error review.[1] During sentencing, the district court provided the following oral pronouncement on mental health treatment: "And I'm recommending mental health treatment if needed while in custody and after during supervised release." The court's written judgment read, in relevant part: "The defendant is required to participate in a mental health program as deemed necessary and approved by the probation officer." Here, as was the case in *United States v. Lomas*, 643 F. App'x 319 (5th Cir. 2016) (unpublished), it is a close question whether the district court's oral pronouncement provided Franklin with the requisite "'opportunity at sentencing to consider, comment on, or object to' the version of the mental-health condition that the district court ultimately imposed." *Id*. at 324 (quoting *Bigelow*, 462 F.3d at 381).

The district court stated that it was only "*recommending* mental health treatment *if needed*." A recommendation is not a mandate, as the Government points out, and it is possible that this statement should have alerted Franklin to the possibility that the district court was leaving the decision of his mental-health treatment to the Probation Office. Yet, nowhere in the district court's oral pronouncement did it ever mention the Probation Office or a probation officer, much less define the probation officer's role as it did in its written

---

[1] The Government argues, alternatively, that the invited-error doctrine applies here. We disagree. The invited-error doctrine provides that "[a] defendant may not complain on appeal of errors that he himself invited or provoked the [district] court . . . to commit." *United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) (first alteration added) (quoting *United States v. Wells*, 519 U.S. 482, 487–88 (1997) (parallel citation omitted)). We narrowly construe counsel's statements in applying the invited error doctrine. *See United States v. Parajon*, 178 F. App'x 348, 349 (5th Cir. 2006) (unpublished). While it is true that defense counsel zealously advocated for Franklin, including a discussion of mental health and possible treatment options, defense counsel did not ask that the decision of whether Franklin needed mental health treatment be made by the probation officer.

judgment. As we said in *Lomas*, "it is hard to see how [Franklin] could have objected at sentencing to the wording of the condition—the basis of his challenge on appeal—when he did not encounter that wording until he received his written judgment." *Id.*; *see also Calhoun*, 471 F. App'x at 322–23. Further complicating our analysis, the phrase "if needed" in the district court's oral pronouncement could either modify "while in custody" only, or both "while in custody" *and* "after during supervised release." In an abundance of caution, we will review Franklin's mental health special condition for abuse of discretion.

While probation officers have broad power "to manage aspects of sentences and to supervise probationers and persons on supervised release with respect to all conditions imposed by the court," those powers are limited by Article III of the United States Constitution. *United States v. Johnson*, 48 F.3d 806, 808 (4th Cir. 1995). "The imposition of a sentence, including the terms and conditions of supervised release, is a 'core judicial function' that cannot be delegated." *Lomas*, 643 F. App'x at 324 (quoting *Johnson*, 48 F.3d at 808). While "a district court may properly delegate to a probation officer decisions as to the 'details' of a condition of supervised release[,] . . . a court impermissibly delegates judicial authority when it gives a probation officer 'authority to decide *whether* a defendant will participate in a treatment program.'" *Id.* (internal citations omitted).

Without reaching Franklin's constitutional claim, we conclude—as we have in several similar cases—that the district court's "written judgment creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed." *Calhoun*, 471 F. App'x at 323; *see also, e.g.*, *Lomas*, 643 F. App'x at 324–25; *United States v. Turpin*, 393 F. App'x 172, 174 (5th Cir. 2010) (unpublished); *United States v. Vasquez*, 371 F. App'x 541, 542–43 (5th Cir.

No. 15-20622

2010) (unpublished); *United States v. Lopez-Muxtay*, 344 F. App'x 964, 965–66 (5th Cir. 2009) (unpublished).

For the aforementioned reasons, we VACATE the mental health program special condition and REMAND to the district court for resentencing,[2] with the same clarifying instruction we offered in *Lomas*, 643 F. App'x at 325 (quoting *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)):

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

---

[2] Given an abuse of discretion standard of review, the parties agree that a remand to the district court for resentencing is the appropriate remedy.

5