# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41386
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAN JUANITA DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-525-2

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

San Juanita Davila pleaded guilty to one count of conspiracy to transport an illegal alien and received a guidelines sentence of 15 months in prison, to be followed by a three-year term of supervised release. The district court imposed a special condition of release requiring Davila to participate in a substance abuse treatment program "as deemed necessary and approved by the Probation Office." Davila now contends that the language of this condition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

impermissibly delegated to the probation officer the court's responsibility to determine whether she must participate in treatment.  Because Davila did not raise this argument in the district court, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Scott*, 821 F.3d 562, 570 (5th Cir. 2016).

The imposition of supervised release conditions and terms "is a core judicial function that may not be delegated."  *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citations omitted).  Davila has shown a clear or obvious error affecting her substantial rights because the language of the challenged special condition "creates an ambiguity regarding whether the district court intended to delegate authority [to the probation officer] not only to implement treatment but to decide whether treatment was needed."  *Id.*; *see Puckett*, 556 U.S. at 135.  Additionally, we conclude that this error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" because it involves core judicial functions.  *Puckett*, 556 U.S. at 135; *see Franklin*, 838 F.3d at 568.  Consequently, we will exercise our discretion to correct the error by vacating the challenged special condition and remanding for resentencing.  Accordingly, we VACATE the substance abuse treatment special condition and REMAND to the district court for resentencing, with the following clarifying instruction:

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed.  If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.