# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CAROLL ANDREW YOUNG,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-63-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Caroll Andrew Young appeals from the sentence of 18 months of imprisonment and 18 months of supervised release imposed by the district court following its revocation of his term of supervised release. On appeal, Young challenges the sentence as (1) procedurally unreasonable because the district court failed to give adequate reasons for imposing a sentence that exceeded the range recommended by the United States Sentencing Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

policy statements, and (2) substantively unreasonable because it was based on an erroneous finding that he violated his supervised release by failing to follow the probation officer's instructions regarding alcohol abuse treatment.

Because Young's general objection to the procedural and substantive reasonableness of the sentence was insufficient to preserve the specific procedural challenge he raises on appeal, we review his procedural challenge only for plain error. *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To prevail on plain-error review, a defendant must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135-36 (2009). If the defendant makes that showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

When a district court imposes a revocation sentence that falls outside of the range recommended by the Guidelines' policy statements, it must provide "some explanation" for its decision. *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009). Even if the district court committed a clear or obvious error in this regard, Young has not shown that the error affected his substantial rights or the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002) (holding that it is the defendant's burden to establish each of the prongs of the plain-error test).

Because Young preserved his challenge to the substantive reasonableness of his sentence, we review the substantive reasonableness of the sentence for an abuse of discretion, examining the totality of the circumstances. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). "[A] sentencing error occurs when an impermissible consideration is a

dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Even if it was error for the district court to find that Young violated the conditions of his release when he failed to find an Alcoholics Anonymous (AA) sponsor and attend two AA meetings per week, s*ee* 18 U.S.C. § 3601; *United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016), the record does not show that this particular violation was a dominant factor in the revocation sentence, *see Rivera*, 784 F.3d at 1017.

Accordingly, the district court's judgment is AFFIRMED.