# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40083
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEAN LUKE GRISS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-707-1

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Sean Luke Griss has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Griss has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40083

appellate review.    Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.

We note, however, that there is a clerical error in the written judgment. As a special condition of supervised release, the district court orally ordered that Griss "shall participate in a drug treatment and alcohol abuse program as required" pursuant to the provisions of the Southern District of Texas. However, the written judgment includes outdated language stating that Griss "shall participate [in such treatment] as instructed and as deemed necessary by the probation officer."  At the time of Griss's sentencing, the Southern District of Texas had modified the special condition to remove the "as deemed necessary" language, which had been found to be ambiguous.  *See United States v. Franklin*, 838 F.3d 564, 567-68 (5th Cir. 2016).  The inclusion of the outdated phraseology in the judgment is an apparent clerical error. Accordingly, we REMAND for correction of the clerical error in the written judgment in accordance with Federal Rule of Criminal Procedure 36.  *See United States v. Powell*, 354 F.3d 362, 372 (5th Cir. 2003).