[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10297
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80226-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SONNY AUSTIN RAMDEO,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Sonny Ramdeo, proceeding *pro se*, appeals the district court's decision not

to recommend that the Federal Bureau of Prisons waive his "public safety factor"

designation.  First, he contends that the district court erred by denying his initial request for the recommendation and his subsequent motion for reconsideration.  Second, he argues (for the first time on appeal) that the district court judge should have recused because he was biased against him.  Upon review of the record and the parties' briefs, we affirm.

## I

Because we write for the parties, we set out only what is necessary to resolve this appeal.

In November of 2016, Mr. Ramdeo filed a *pro se* motion requesting a judicial recommendation to the BOP regarding his "public safety factor" designation so that he could participate in certain rehabilitative programs.  The district court denied the motion and Mr. Ramdeo moved for reconsideration.  In January of 2017, the district court denied the motion for reconsideration because it did not have "sufficient information or knowledge about [Mr. Ramdeo] to make a recommendation" to the BOP.  D.E. 296 at 1.

Mr. Ramdeo now appeals.

## II

The parties have not cited, and we have not been able to locate, a case setting out the appropriate standard of review in a situation like this one.  Because we conclude that there was no error, even under *de novo* review, we need not

address the standard here.  *Cf. United States v. Franklin*, 838 F.3d 564, 567 (5th Cir. 2016) (reviewing district court's non-binding recommendation during sentencing that defendant receive mental health treatment for abuse of discretion).

Mr. Ramdeo's primary argument is that the district court erred by not recommending to the BOP that his "public safety factor" designation be removed. To support his claim, Mr. Ramdeo states generally that the BOP is required to consider judicial recommendations.  *See* 18 U.S.C. § 3621(b)(4) (explaining that the BOP chooses the place of imprisonment based on certain factors including "any statement by the court that imposed the sentence . . . recommending a type of . . . correctional facility as appropriate").  He also claims that he has displayed good behavior over the past four years while in custody, that he has completed a drug education course, and that a magistrate judge had previously determined that he was not a danger to the community.

As far as we can tell, no federal statute, regulation, or case supports Mr. Ramdeo's argument that the district court was required to make the type of recommendation he has requested.  Indeed, the BOP is afforded wide discretion in classifying and housing prisoners, and our review of those decisions is limited.  *See generally* 18 U.S.C. §§ 3621(b), 3624(b)(1), 3625, 4081.  *See also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (explaining that "no due process protections [are] required . . . [for] prisoner classification and eligibility for rehabilitative

3

programs in the federal system . . . [and that] Congress has given federal prison officials full discretion to control these conditions of confinement"); *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (indicating that certain BOP decisions are "solely within the discretion of the BOP . . . [and] not subject to judicial review" under § 3625).  We therefore affirm the district court's denial of Mr. Ramdeo's initial motion and his motion for reconsideration.[1]

### III

We generally review a district court's decision not to recuse under 28 U.S.C. § 455(a)-(b) for abuse of discretion.  *See United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).  Where, as here, a defendant fails "to seek recusal of the district court judge below, we review his recusal request for plain error."  *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004).  We have described plain error review as a "daunting obstacle," *see United States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998), because a defendant must show that "there is (1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).  "[I]f all three requirements are met, it is still within [our] discretion whether to correct the forfeited error."  *Pielago*, 135 F.3d at 708.

---

[1] In his reply brief, Mr. Ramdeo contends that the district court had sufficient information to make the recommendation because it considered the 18 U.S.C. § 3553(a) factors during sentencing.  We decline to address that portion of his argument because we generally "do not address arguments raised for the first time in a *pro se* litigant's reply brief."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As relevant here, judicial disqualification under § 455(a) is required when an alleged bias is personal in nature. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). It is well-established that the "bias must arise from an extrajudicial source, except in the rare case 'where such pervasive bias and prejudice is shown by otherwise judicial conduct [that] would constitute bias against a party.'" *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) (citation omitted). Unless a defendant can show pervasive bias, "a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Bolin*, 225 F.3d at 1239 (citation omitted).

Here, Mr. Ramdeo makes a series of conclusory allegations that the district court "harbored an animosity and hatred" toward him. Br. of Appellant at 5. Mr. Ramdeo has not pointed to any evidence demonstrating that the district court was biased based on any extrajudicial source. Instead, he argues that the district court's adverse rulings against him throughout this case and positive remarks about his attorneys (that he claims were ineffective) demonstrate actual bias. But adverse rulings are not sufficient for recusal, *see Bolin*, 225 F.3d at 1239, and such rulings do not meet the exception. *See Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (stating that "rulings adverse to a party . . . do not constitute pervasive bias").[2]

---

[2] Mr. Ramdeo also references the district court's denial of his motion to withdraw his guilty plea, but we have already addressed that issue in an earlier, unpublished decision. *See United States v. Ramdeo*, 2017 WL 977027, at *5 (11th Cir. Mar. 14, 2017).

In addition, Mr. Ramdeo did not submit an affidavit "stat[ing] the facts and reasons for the belief that bias or prejudice exists" or attempt to follow the procedure for recusal under 28 U.S.C. § 144. On this record, we are not persuaded that Mr. Ramdeo has provided any evidence which would lead to "significant doubt" about the district court's impartiality. *See Bolin*, 225 F.3d at 1239. Mr. Ramdeo therefore has not shown plain error here.

## IV

Because Mr. Ramdeo has not shown that the district court erred by declining to recommend that the BOP waive his "public safety factor" designation or that it committed plain error by failing to recuse, we affirm.

**AFFIRMED.**