# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-31042

United States Court of Appeals
Fif h Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MICHELLE LEANN BERRY-ORTEMOND,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CR-191

Before BARKSDALE, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

In challenging her sentence of 24 months' imprisonment and three years' supervised release, Michelle Leann Berry-Ortemond contests the reasonableness of the term of imprisonment, and the imposition of a special condition to "participate in mental-health treatment . . . as directed by Probation". AFFIRMED.

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-31042

I.

Between June 2010 and April 2011, Berry-Ortemond exploited her bookkeeping position at The BellTech Group, Inc., to forge checks, make fraudulent wire transfers, and access unauthorized lines of credit, defrauding the corporation and its owner, Michael Bellard, of $61,696.41.

In attempting to avoid detection, Berry-Ortemond redirected, hid, and destroyed bank statements, credit-card bills, and late-payment notices. This included, *inter alia*, Bellard's health-insurance premium-payments and related late-payment notices. Consequentially, Bellard's health insurance was terminated, endangering his insulin-dependent children. Upon discovery of delinquent premiums, Bellard paid them in order to reinstate the lapsed policy.

Berry-Ortemond was indicted on ten counts of wire fraud and two counts of illegal transactions with an access device, in violation of 18 U.S.C. §§ 1343 and 1029(a)(5). She pleaded guilty to one count of wire fraud; the remaining counts were dismissed.

At her sentencing hearing, as discussed more fully *infra*, Berry-Ortemond made in-court statements disputing, *inter alia*, Bellard's statements that she caused his health insurance to lapse. She stated that she neither removed his insurance-premium payments, nor canceled the policy. The court found her statement dishonest, and determined she was responsible for Bellard's health-insurance policy's being terminated.

The court imposed a sentence of 24 months' imprisonment (above the Sentencing Guidelines advisory sentencing range of 8–14 months) and three-years' supervised release, including the earlier-quoted special condition requiring Berry-Ortemond to "participate in mental-health treatment . . . as directed by Probation". In response, Berry-Ortemond objected only to the reasonableness of her 24-month sentence.

No. 16-31042

II.

Berry-Ortemond claims:  24 months' imprisonment is substantively unreasonable in the light of the 18 U.S.C. § 3553(a) sentencing factors; and the court committed reversible plain error by mandating "participat[ion] in mental-health treatment . . . as directed by Probation".  As discussed *infra*, the first issue is reviewed for abuse of discretion; the second, only for plain error.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A.

Berry-Ortemond maintains her 24-month sentence is an unreasonable upward variance from the advisory Guidelines sentencing range of 8–14 months.  The substantive reasonableness of an above-Guidelines sentence is reviewed under an abuse-of-discretion standard in the light of the 18 U.S.C. § 3553(a) sentencing factors, including both the court's decision to deviate upwardly from the Guidelines range, and the extent of the deviation.  *E.g.*, *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir. 2005); *United States v. Ceballos-Amaya*, 470 F. App'x 254, 261 (5th Cir. 2012).

For obvious reasons, district courts generally enjoy substantial latitude to evaluate the facts and circumstances of each case. *Wheat v. United States*, 486 U.S. 153 (1988).  As noted, for issues preserved in district court, its findings

of fact, during sentencing, are accepted unless "clearly erroneous"; and, "due deference" is given the court's balancing of mitigating and aggravating factors. *United States v. Sotelo*, 97 F.3d 782, 799 (5th Cir. 1996)(citing *United States v. Otero*, 868 F.2d 1412, 1414 (5th Cir. 1989)). "A factual finding is not clearly erroneous as long as it is plausible in the light of the record read as a whole." *United States v. Cluck*, 143 F.3d 174, 180 (5th Cir. 1998)(citing *United States v. Krenning,* 93 F.3d 1257, 1269 (5th Cir. 1996)).

There were two sentencing hearings. At the first, Berry-Ortemond refuted, *inter alia*, culpability for Bellard's health-insurance policy's being terminated. In that regard, she stated to the court: "I never took insurance payments out of the mail and I would never cancel someone's life insurance. I have a daughter myself, and I would never put anyone's child in that position". Denoting this issue "very important", the court adjourned the hearing in order to allow for further investigation.

Prior to the second hearing, the Government provided evidence of Berry-Ortemond's actions to conceal her fraud through holding and delaying Bellard's insurance-premium payments. The court considered Berry-Ortemond's prior protestations deceitful in the light of this newly acquired evidence. Throughout the second sentencing hearing, Berry-Ortemond maintained she had not lied to the court because she did not "call[] [Bellard's] life insurance [company] and affirmatively [take] some action to cancel anything", although she admitted she failed to pay premiums.

In sentencing Berry-Ortemond, the court, in determining the offense warranted an above-Guidelines-range sentence, considered: her continued denial of responsibility for the health-insurance policy's being terminated; the extreme abuse of the trust vested in her as bookkeeper; and her callousness in disguising theft through redirecting payments. The court concluded the

upward variance was appropriate, considering her culpability for the terminated policy and her dishonesty and evasiveness.

Berry-Ortemond maintains the sentence is unreasonable because the court did not properly consider mitigating factors, including her not having a criminal record; position as a single mother supporting a 16-year-old daughter; and pre-incarceration community-college attendance.    Similarly, she maintains the court excessively weighed aggravating factors:  her removal of insurance-premium payments, concealment of late-payment notices, the resulting termination of Bellard's health insurance, and her dishonesty regarding these acts.  And, she claims the court inappropriately considered her statements dishonest, because, once Bellard discovered the theft, and promptly paid the overdue premiums, the policy was reinstated.  Additionally, she contends that, if her actions resulted in the termination of Bellard's health-insurance policy, her concealment of the overdue notices, and failure to mail premium payments was simply negligence. (Berry-Ortemond does not challenge the court's findings, but solely its balancing of this factor.)

Because the district court's findings that Berry-Ortemond was dishonest and culpable for Bellard's insurance policy's being terminated are not implausible when considering the record as a whole, they are not clearly erroneous.  It follows that it was within the court's discretion to reject Berry-Ortemond's statement the failure to pay the insurance premium was simply negligence, and find her responsible for the termination of the health-insurance policy.

Additionally, as noted, deference is given the court's balancing of the mitigating and aggravating factors.  Therefore, it remained within its discretion to give little weight to Berry-Ortemond's mitigating factors, and significant weight to, *inter alia,* the termination of the health-insurance policy and dishonesty surrounding its termination.

No. 16-31042

Last, the 71 percent upward deviation from the top of the Guidelines sentencing range falls within the range of above-Guidelines sentences previously approved by this court. *United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 811–12 (5th Cir. 2008).

Accordingly, deference is appropriately given to the court's sentencing decisions based on the 18 U.S.C. § 3553(a) sentencing factors, and the decision is not considered unreasonable solely based on a deviation from the Guidelines range.   Therefore, the court did not abuse its discretion in imposing the above-Guidelines sentence.

### B.

In claiming the court erred by imposing the condition to "participate in mental health treatment and testing, inpatient or outpatient, as directed by Probation", Berry-Ortemond concedes she did not preserve this issue in district court; as she also concedes, because there was no objection, as discussed *supra*, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).   Under that standard, Berry-Ortemond must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).   If she does so, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

"The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated"; on the other hand, the court may delegate to a probation officer decisions relating to the details and implementation of a treatment program. *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks omitted).

No. 16-31042

In short, judicial authority is impermissibly delegated where probation officers are given authority to determine whether treatment is required. *Id.*

Berry-Ortemond asserts "as directed by Probation" improperly compels participation at the discretion of the probation officer, rendering it an impermissible delegation of judicial authority. She relies on our court's *Franklin* opinion, holding the district court impermissibly delegated judicial authority by requiring treatment "as deemed necessary and approved by the probation officer", to support her plain-error claim. *Id.* at 567. This misconstrues *Franklin*'s holding; the special condition in *Franklin* was struck down by reason of the ambiguity stemming from the term "as deemed necessary and approved". *Id.* at 566. Our court ruled the term was ambiguous as to whether the special condition delegated to probation officers simply the authority to implement the treatment, or the authority to both implement, and determine the necessity of, treatment. *Id.*

Unlike the condition imposed in *Franklin*, the special condition imposed for Berry-Ortemond makes no reference to the probation officer's approval or determination of necessity. Again, the special condition required "participat[ion] in mental health treatment and testing, impatient or outpatient, as directed by Probation".

Conditions must be read in a "commonsense way"; the word "direction" within "at the direction of Probation", is to be interpreted by its common meaning. *United States v. Phipps*, 319 F.3d 177, 193 (5th Cir. 2003). For purposes of our narrow plain-error review, the common interpretation of "direction" arguably demonstrates the court's intention to require treatment, as guided or instructed by probation. Black's Law Dictionary (9th ed. 2009)(defining direct as "to move on a particular course"; "to guide"). Because the commonsense reading of "direction" arguably shows the special condition

7

No. 16-31042

delegated to probation officers solely the implementation of the required treatment, it is not plain (clear or obvious) error.

Along that line, our court has not previously considered the permissibility of supervised-release imposing a special condition of treatment "as directed by Probation"; and, the above commonsense interpretation may be considered valid under current precedent. Therefore, as discussed, error *vel non* is subject to reasonable dispute. It follows, pursuant to our limited plain-error standard of review, that, because there is—at a minimum—a reasonable dispute for whether the special condition constituted an impermissible delegation of judicial authority, Berry-Ortemond fails to demonstrate the requisite clear or obvious error. *Puckett,* 556 U.S. at 135.

## III.

For the foregoing reasons, the judgment is AFFIRMED.