# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40999
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS CLIFFORD LOVETTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-951-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Thomas Clifford Lovette pleaded guilty to one count of making false statements on a matter within the jurisdiction of an agency of the United States in violation of 18 U.S.C. § 1001. After serving his prison term and while on supervised release, the probation office filed a warrant petition, alleging that Lovette violated the terms of his supervised release. Lovette pleaded true to the allegations and was sentenced to six months of imprisonment and 30

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months of supervised release.  In its oral pronouncement of Lovette's sentence, the district court ordered Lovette "to participate in a mental health treatment program."  Lovette did not object.  The written judgment provided that Lovette "is required to participate in a mental health program *as deemed necessary and approved by the probation officer*." (emphasis added).

In this court, Lovette does not challenge the order to participate in a mental health treatment program.  He challenges the condition of supervised release only as an impermissible delegation to the probation officer of the district court's responsibility to determine whether he must participate in mental health treatment.  Because Lovette did not have an opportunity to object at sentencing to the part of the condition of supervised release that mentioned the probation officer's role, our review is for an abuse of discretion. *See United States v. Franklin*, 838 F.3d 564, 566-67 (5th Cir. 2016).

The imposition of supervised release conditions and terms "is a core judicial function that cannot be delegated." *Franklin*, 838 F.3d at 568 (internal quotation marks and citations omitted).  A district court may delegate details of a treatment-related condition to a probation officer, but it may not give "a probation officer authority to decide *whether* a defendant will participate in a treatment program."  *Id.* (internal quotation marks and citations omitted; emphasis in original).  In *Franklin*, we vacated a mental health treatment condition materially identical to the condition set forth in the written judgment here.  *Id.* at 567-68.  We held that the wording of the challenged condition "create[d] an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed."  *Id.* at 568.  There is a similar ambiguity in this case as to whether or not the district court sought to delegate authority to the probation officer "to decide whether treatment [is] needed."  *Id.*

No. 16-40999

Because the record makes clear that mental health treatment is warranted, and the only issue is whether the district court intended to give discretion to the probation officer as to the necessity for treatment, we VACATE the mental health program special condition and REMAND to the district court for resentencing with the same clarifying instruction we offered in *Franklin*:

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

838 F.3d at 568 (internal quotation marks and citation omitted).