# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LIM JAVAR WALTON, also known as Lim Walton,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:17-CR-106-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Lim Javar Walton appeals the 92-month sentence imposed following his conviction for possession of a firearm by a felon. Walton argues that the district court double counted the same conduct by applying sentence enhancements because the firearm was stolen and because it was used in connection with another felony offense, but he acknowledges that his argument is foreclosed by *United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999), and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51085

raises the issue to preserve it for further review.  He also argues that the district court abused its discretion by including in the judgment a special condition of supervised release that was not orally pronounced at sentencing.

As he acknowledges, Walton's challenge to the sentence enhancement is foreclosed.  *See Luna*, 165 F.3d at 323.  However, as the Government concedes, the district court abused its discretion by ordering Walton to obtain a GED during his period of supervision because the condition was not included in the court's oral pronouncement of sentence.  *See United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016); *United States v. Bigelow*, 462 F.3d 378, 384 (5th Cir. 2006).  Because the special condition in the written judgment was not orally pronounced at sentencing, the sentence is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED to the district court for amendment of the written judgment to conform to the oral pronouncement.  *See Franklin*, 838 F.3d at 566-68; *Bigelow*, 462 F.3d at 384; *United States v. Wheeler*, 322 F.3d 823, 828 (5th Cir. 2003).