# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-10961
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SCOTT EDWARD GRIGSBY, also known as Skinny Pup,

Defendant-Appellant

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-72-1

————

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Scott Edward Grigsby appeals his conviction for conspiracy to possess with intent to distribute a controlled substance and resulting 240-month above-guidelines term of imprisonment. Because Grigsby raises his arguments for the first time on appeal, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, Grigsby must show a forfeited error that is clear or obvious and that affects his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights. *Id.* at 135. If Grigsby makes such a showing, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

First, Grigsby argues that the district court erred in failing to comply with Federal Rule of Criminal Procedure 11(b)(1)(H), which requires the district court to advise a defendant, before entering a plea of guilty, of "any maximum possible penalty, including imprisonment, fine, and the term of supervised release." He contends that the district court did not advise him at rearraignment about the maximum term of supervised release. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Grigsby has not shown plain error because he has not established a reasonable probability, that but for the district court's failure to advise him about the maximum term of supervised release, he would not have pleaded guilty. *See id.*

Next, Grigsby challenges the district court's application of the two-level enhancements under U.S.S.G § 2D1.1(b)(5) and § 2D1.1(b)(12). Concerning the § 2D1.1(b)(5) enhancement, the presentence report (PSR) stated that "[a]gents determined at least one of Grigsby's [sources of supply] imported the methamphetamine distributed to Grigsby from Mexico." Grigsby argues that "[t]his is not enough information to provide sufficient indicia of reliability such that it could be considered" by the district court. Generally, a PSR has sufficient indicia of reliability and may be adopted without further inquiry if it has an adequate evidentiary basis and the defendant does not rebut the facts therein or otherwise show that the PSR is unreliable. *United States v. Harris*,

No. 17-10961

702 F.3d 226, 230 (5th Cir. 2012).  If a defendant objects to the reliability of the PSR, he "must offer rebuttal evidence demonstrating that those facts are materially untrue, inaccurate or unreliable."  *Id.* (internal quotation marks and citation omitted).  Because Grigsby did not offer any evidence to rebut the information in the PSR or demonstrate its unreliability, *see id.*, he has not shown that the district court committed a clear or obvious error in applying the § 2D1.1(b)(5) enhancement, *see Puckett*, 556 U.S. at 135.

Turning to the § 2D1.1(b)(12) enhancement, the PSR noted that Grigsby used two residences to store and distribute methamphetamine.  Grigsby asserts that the enhancement is inapplicable because there was no evidence that he had a possessory interest in either residence.  "Although [Grigsby's] name may not have been on the formal lease agreement or ownership documents," we have clearly indicated that "it would defy reason for a drug dealer to be able to evade application of the enhancement by the simple expedient of maintaining his stash house under someone else's name."  *United States v. Guzman-Reyes*, 853 F.3d 260, 265 (5th Cir. 2017) (internal quotation marks and citation omitted).  Grigsby has not demonstrated that the district court committed a clear or obvious error in applying the § 2D1.1(b)(12) enhancement.  *See Puckett*, 556 U.S. at 135.

Grigsby also contends that the district court erred in considering the PSR's bare arrest record for his dismissed Oklahoma aggravated assault charge as a ground for the upward variance.  A "bare arrest record" in this context describes the mere fact of an arrest without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the arrest.  *Harris*, 702 F.3d at 229.  The PSR's description of Grigsby's aggravated assault charge was not "bare," as it included an explanation of the nature of the assault, his codefendant's involvement, the

3

weapons that were used, the victim's injuries, and an explanation regarding why the case was dismissed. *See id.* Also, although Grigsby challenges certain information in the PSR as unreliable because it was based on court information rather than an offense report, he has not offered any evidence to rebut the PSR's information or demonstrate its unreliability and therefore has not shown plain error. *See Harris*, 702 F.3d at 230; *Puckett*, 556 U.S. at 135.

Similarly, Grigsby has shown no plain error as to his argument that the district court erred by considering eight Texas arrests that did not result in convictions and by double counting those offenses because the drug quantities in them were also included in the PSR's drug quantity. *See id.* The record does not indicate that the district court took these arrests into consideration or double counted those arrests in imposing an upward variance.

Finally, Grigsby argues that the district court erred by imposing the special condition of supervised release requiring him to participate in mental health treatment as directed by the probation officer. He insists that this condition "is an improper delegation of the district court's sentencing authority to the probation officer." Although the sentencing court "may properly delegate to a probation officer decisions as to the details of a condition of supervised release," it may not give the probation officer "authority to decide *whether* a defendant will participate in a treatment program." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citation omitted). However, the special condition in Grigsby's case does not include the improper delegation language that we have deemed problematic. *Id.* at 566, 568. Grigsby is unable to show that requiring him to participate in mental health treatment as directed by the probation officer constitutes a clear or obvious error. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.