# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10423
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALTON SIMPSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-27-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Alton Simpson was convicted of conspiracy to possess with intent to distribute and to distribute crack cocaine. He now appeals the sentence imposed following the revocation of his supervised release. Specifically, Simpson challenges four of the standard conditions of supervised release included in the original written judgment, which the district court reimposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following revocation.    He maintains that these conditions constitute impermissible delegations of judicial authority to the probation officer.

Because Simpson failed to object to the reimposition of the supervised release terms, we review his claim for plain error. *See United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017).  To establish plain error, Simpson must show a forfeited error that is clear or obvious that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks and citation omitted).

The imposition of supervised release conditions and terms "is a core judicial function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citations omitted). Simpson argues that the district court erred by reimposing standard conditions of supervised release requiring him to participate in programs for substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development "if deemed necessary by the probation officer."  We have held that such language "creates an ambiguity regarding whether the district court intended to delegate authority not only to implement treatment but to decide whether treatment was needed."  *Id.* (internal quotation marks and citation omitted).

Simpson has shown a clear and obvious error affecting his substantial rights.  *Id.*; *see Puckett*, 556 U.S. at 135.  Additionally, we conclude that this error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings" because it involves core judicial functions.  *Puckett*, 556 U.S. at 135; *see Barber*, 865 F.3d at 841.  Consequently, we will exercise our discretion

No. 19-10423

to correct the error by vacating the challenged standard conditions and remanding for resentencing.    Accordingly, we VACATE the standard conditions requiring substance abuse treatment, mental health treatment, cognitive behavioral treatment, and workforce development training and REMAND to the district court for resentencing, with the following clarifying instruction:

> If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed.  If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

*Franklin*, 838 F.3d at 568 (citation omitted).