# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2020

Lyle W. Cayce
Clerk

No. 19-30723
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JARIUS T. CARSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-86-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jarius T. Carson pleaded guilty to possession of a firearm and ammunition by a conviction felon, and was sentenced within the advisory guidelines range to 46 months of imprisonment and a three-year term of supervised release. On appeal, he contends that the district court impermissibly delegated its judicial authority by imposing two special supervised release conditions requiring Carson to submit to any additional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substance abuse testing and to participate in a substance abuse program "as administered and approved" by the United States Probation Office.  He concedes that our review is for plain error, because he did not object to the imposition of the conditions at sentencing.

To show reversible plain error, Carson must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  "The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated."  *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citation omitted).  Although a district court can properly delegate "decisions as to the details of a condition of supervised release" to a probation officer, "a court impermissibly delegates judicial authority when it gives a probation officer authority to decide *whether* a defendant will participate in a treatment program."  *Id.* (internal quotation marks and citation omitted).

Here, the language of the disputed conditions requires Carson to submit to additional testing and to participate in a substance abuse program, with the details ("administered and approved") to be left to the discretion of the probation office.  This is not an impermissible judicial delegation.  *See Franklin*, 838 F.3d at 568.  Carson has not demonstrated plain error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.