# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2022

Lyle W. Cayce
Clerk

No. 21-50724

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR INES ROSALES-RAMIREZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50741

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR ROSALES-RAMIREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-272-1

No. 21-50724
c/w No. 21-50741

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Victor Rosales-Ramirez pleaded guilty to a charge of illegally reentering the United States after removal. *See* 8 U.S.C. § 1326.[1] On appeal, Rosales challenges only one of his standard supervised release conditions. He concedes that the district court expressly stated that the supervised release it ordered was subject to "[t]he standard and mandatory conditions of supervision." Because he did not object, he also concedes that our standard of review is for plain error which requires, among other things, that he show that "the legal error [was] clear or obvious." *Puckett v. United States*, 556 U.S. 129, 135 (2009). We agree with his concessions.

The Western District of Texas, where he was sentenced, has a set of standard conditions including number 12 as follows:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

Rosales contends that this standard condition constitutes an impermissible delegation of judicial authority to the probation officer which, in other

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Rosales's supervised release for a prior conviction was revoked. However, he fails to raise any issue regarding any aspect of that revocation, so he has waived any issue on that count.

situations, we have found to be erroneous. *See, e.g.*, *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016).

As Rosales admits, however, we have not addressed this standard condition. As a result, our court recently held that imposition of this standard condition is not plain error. *See United States v. Henderson*, ____ F.4th ____, No. 21-50526, 2022 WL 871882, 2 (5th Cir. Mar. 24, 2022). Accordingly, we conclude that Rosales cannot prevail.

AFFIRMED.