# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 28, 2026

Lyle W. Cayce
Clerk

No. 24-10574

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Leovares Mendez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-75-1

---

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.

Per Curiam:*

Dr. Leovares Mendez ran a medical clinic in Garland, Texas, where he unlawfully prescribed controlled substances to patients. Mendez was convicted of one count of conspiracy to distribute a controlled substance and six counts of unlawful distribution of a controlled substance. He was sentenced to serve 84 months in prison. On appeal, Mendez challenges the jury instructions given by the district court, the sufficiency of the evidence

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

against him, and the application of a sentencing enhancement. Finding no error, we affirm.

## I.

Dr. Leovares Mendez and his former business partner Dr. Cesar Pena ran a medical clinic together in Garland, Texas. Both Pena and Mendez were Drug Enforcement Administration (DEA) registrants, meaning that they could prescribe controlled substances so long as they prescribed them for a legitimate medical purpose in the usual course of their professional practice. However, both doctors had drug-seeking patients to whom they prescribed controlled substances. They did so knowing that they were acting without a legitimate medical purpose and outside the usual course of professional practice.

Although Mendez and Pena did not have an explicit agreement to write illegal prescriptions, Pena testified that it was nonetheless "understood" what they were doing. Each doctor received the other's superbills—paperwork filled out by the doctor that identified the services done for the patient in a particular visit for charging purposes. The superbills for drug-seeking patients all shared similar terms: No services were identified, a "level 5" office visit was circled, and $250 was charged. In contrast, superbills for legitimate patients were more detailed. The two doctors also saw each other's drug-seeking patients, illegally prescribing the same drugs and collecting the $250 for the unavailable doctor. According to Pena, the employees in the office were aware of the drug-seeking patients.

In 2017, the DEA began to investigate the clinic, sending undercover officers to pose as patients and obtain prescriptions for controlled substances. They succeeded. Mendez prescribed those substances to the undercover officers. This DEA operation continued for two more years. In each visit, Mendez prescribed controlled substances without conducting a physical exam or asking substantive questions. A federal grand jury returned an

indictment charging Mendez with one count of conspiracy to distribute a controlled substance and six counts of unlawful distribution of a controlled substance under 21 U.S.C. § 841. A jury trial followed.

The district court instructed the jury that to convict Mendez, it must find that he "dispensed the controlled substance by a prescription knowingly or intentionally not used for a legitimate medical purpose in the usual course of professional practice." Mendez was convicted on all counts.

In the lead up to sentencing, the Government objected to the Presentencing Report's omission of an obstruction enhancement. *See* U.S.S.G. § 3C1.1. It argued that a two-level obstruction enhancement was proper because Mendez gave perjured testimony on material issues three times. After hearing from both sides on the perjury issue, the district court sustained the objection without further comment. Mendez was sentenced to serve 84 months in the Bureau of Prisons. Mendez appealed.

## II.

"We review a district court's refusal to provide a requested jury instruction for an abuse of discretion. However, when the instruction is claimed to misstate an element of the offense, review is de novo, subject to harmless-error review." *United States v. Ferris*, 52 F.4th 235, 239 (5th Cir. 2022) (cleaned up). Mendez argues that the given instruction failed to instruct the jury that it must find that Mendez knew that he was acting in an unauthorized manner for purposes of 21 U.S.C. § 841's ban on manufacturing, dispensing, or distributing controlled substances "except as authorized," citing *Ruan v. United States*. 597 U.S. 450 (2022). *Ruan* held that convictions under 21 U.S.C. § 841 require proof of a subjective mens rea for the "except as authorized" clause. *Id.* at 457. Jury instructions that instruct the jury to convict on either an objective or subjective mens rea finding are insufficient. *See United States v. Capistrano*, 74 F.4th 756, 771 n.51 (5th Cir. 2023) ("We view *Ruan* as ridding the Government of the option . . .

that a defendant can be convicted without knowledge for distributing prescriptions outside the objectively usual course of professional practice.").

But the district court already addressed these concerns. The court originally proposed to instruct the jury that they must find "the defendant knowingly or intentionally dispensed the controlled substance by a prescription not issued for a legitimate medical purpose in the usual course of professional practice." Mendez asked the court to modify the instruction to move the "knowingly or intentionally" phrase to immediately before the "not issued for a legitimate medical purpose" to more clearly link the mens rea requirement to the legitimate medical purpose rather than the act of dispensing. And the court did exactly that. To the extent Mendez challenges the instruction's use of "knowingly and intentionally," such error is invited. *See United States v. Franklin*, 838 F.3d 564, 567 n.1 (5th Cir. 2016).

While Mendez agreed that the modified instruction "solve[d] part one" of his concern, he nonetheless argues that a "good faith" instruction should have been included. According to Mendez, the jury might have believed that the mens rea carried an objective standard due to the court's other instructions regarding objective standards for the "usual course of professional practice in the United States."

But even if Mendez's challenge goes to the elements of the offense and triggers de novo review, we have held that a "good faith" instruction is not necessary to convey a subjective standard under 21 U.S.C. § 841. *Capistrano*, 74 F.4th at 773. The use of "knowingly or intentionally" in connection with straying outside the course of professional practice or legitimate medical purpose is sufficient. *See id.* at 771 n.51; *United States v. Lamartiniere*, 100 F.4th 625, 646–47 (5th Cir. 2024).

### III.

We review challenges to the sufficiency of evidence de novo, but our review is "highly deferential to the verdict." *United States v. Harris*, 740

F.3d 956, 962 (5th Cir. 2014); *United States v. Moreno-Gonzales*, 662 F.3d 369, 372 (5th Cir. 2011). Mendez argues that because the Government did not establish that he and Pena had an explicit agreement, the evidence against him was insufficient to convict him of conspiracy to distribute a controlled substance. But we have held that "[t]o be a conspiracy, an express, explicit agreement is not required; a tacit agreement is enough." *United States v. Westbrook*, 119 F.3d 1176, 1189 (5th Cir. 1997). There is more than enough evidence here for a reasonable jury to find that Mendez had a tacit agreement with his business partner.

## IV.

Finally, Mendez argues for the first time on appeal that the district court failed to make the necessary predicate finding of perjury when it applied the obstruction enhancement. At no point in the sentencing hearing did Mendez ask the court to explicitly state its predicate factual findings. Thus, we review the district court's application of the enhancement for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Even if we were to find that the district court erred in failing to make a predicate finding of perjury, that error would have no effect on Mendez's substantial rights. Mendez makes no showing that a full explanation of the predicate finding would have changed his sentence. *See Mondragon-Santiago*, 564 F.3d at 365 (holding that the defendant failed to show an effect on his substantial rights where he failed to show how a further explanation of his sentence would have changed his sentence). Thus, any error is harmless. *See id.*

We affirm.