# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2021

Lyle W. Cayce
Clerk

No. 20-20148

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABRAN MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-34-1

Before ELROD, DUNCAN, and WILSON, *Circuit Judges*.

JENNIFER WALKER ELROD, *Circuit Judge*:

We WITHDRAW the prior opinion filed October 27, 2020 and substitute the following.

The district court modified the conditions of supervised release for Appellant Abran Martinez to include the provision that Martinez "participate in an inpatient or outpatient substance-abuse treatment program" supervised by Martinez's probation officer. Because the option to require inpatient rehabilitation delegates to the probation officer the judicial decision to significantly restrict Martinez's liberty during treatment, we

No. 20-20148

VACATE that condition of supervised release and REMAND to the district court for further proceedings consistent with this opinion.

## I.

Martinez pleaded guilty to unlawful escape after he failed to return to a halfway house at the end of a workday. Martinez began serving the supervised-release portion of his sentence for that offense in August of 2018. In November 2018, Martinez's probation officer petitioned the district court to modify the conditions of Martinez's supervised release because Martinez tested positive for cocaine use. The modification required Martinez to "participate in a program of testing and treatment for drug abuse."

Martinez's probation officer once more petitioned the court for a modification in August of 2019 because Martinez continued to engage in drug use. At the revocation hearing for this petition, Martinez's counsel said that Martinez "would be the first to admit there are times that he struggles with substance abuse." Martinez's substance-abuse struggles sparked the following dialogue between the district court and Martinez:

> [THE COURT:] It seems to me—you know, I may be off base, or maybe not—that you're your own worst enemy. You walked away from a halfway house; that got you the escape charge. You failed to report. You've done, you know, cocaine on a number of occasions. And I understand how hard sometimes those habits are to break.
>
> But, you know, as a judge, we can order drug treatment, we can order all these different things to try to help, but you're the only one that can make that decision for yourself. You need to really take it to heart. . . .
>
> I'm going to sentence you, but I'm also going to recommend to the Bureau of Prisons that you participate in the drug treatment program. When you get out, I want you to participate in the drug treatment program.

No. 20-20148

All right.  The Court hereby revokes the term of supervised release in 17-CR-34 and sentences the defendant Abran Martinez to 10 months in the custody of Bureau of Prisons with the reimposition of supervised release under the same terms and conditions of one year. . . .

Mr. Martinez, as I said, I can order things until I'm blue in the face.  It only works if you really put your heart into it.

THE DEFENDANT: By continuing on this release, it just—I mean, I've tried it.  I've tried it several times.  I don't know what it is.  I just can't—I can't do it.  I mean, I'll try.  I'll try again.

THE COURT:  I want you to try again.  I know that the probation department didn't recommend it.  And that is one of the reasons I only put you back on for a year.  If I can help you make that step, I want to help you, but try it one more time.

Our goal is to get you off drugs.  I don't want to run your life.  I have enough trouble running my life.  But I want to give you a chance to break this drug habit.

After the hearing, the district court imposed the following written condition:

You must participate in an inpatient or outpatient substance-abuse treatment program and follow the rules and regulations of that program.  The probation officer will supervise your participation in the program, including the provider, location, modality, duration, and intensity.  You must pay the costs of the program, if financially able.

## II.

Martinez appealed the written condition, challenging particularly the words "inpatient or outpatient."  Martinez argues first that he did not have an opportunity to object to these words because he encountered them for the first time in the written judgment.  Thus, according to Martinez, our review

should be for abuse of discretion. Martinez then argues that the words "inpatient or outpatient" impermissibly delegate judicial sentencing authority to Martinez's probation officer because inpatient drug-treatment involves a significant deprivation of liberty.

The government, conversely, asserts that we should review for plain error because Martinez failed to object to the condition of supervised release in the district court. According to the government, Martinez did have the opportunity to object because the district court stated it was imposing a term of supervised release "under the same terms and conditions" as the 2018 modification to Martinez's supervised release. On the government's theory, although the 2018 modification did not contain the words "inpatient or outpatient," it implicitly contained those options; "by leaving those terms unstated, the 2018 condition necessarily contains both."

We agree with Martinez. He had no opportunity to object, and so we review for abuse of discretion. In *United States v. Franklin*, we reviewed an appeal of a condition of supervised release for abuse of discretion because the defendant had no opportunity to object to the discretion given to a probation officer to require mental-health treatment. 838 F.3d 564, 567 (5th Cir. 2016). The district court's oral pronouncement at the sentencing hearing did not mention or define the probation officer's role in the recommended mental-health treatment. *Id.* Similarly, in this case the district court's oral statements at the sentencing hearing did not mention or define the discretion the court would give to the probation officer to choose between inpatient and outpatient treatment. The government's theory that Martinez should have objected based on the implicit terms of the 2018 modification would require Martinez to object to language that the court could have—but did not— include in its conditions of supervised release. That theory flies in the face of the "abundance of caution" we exercised in *Franklin* and would lead to unnecessary, inadvertent forfeitures. *See* 838 F.3d at 567; *see also United*

No. 20-20148

*States v. Diggles*, 957 F.3d 551, 560 (5th Cir.) (*en banc*) ("Our forfeiture caselaw in this area should be remoored to the opportunity to object."), *cert. denied*, No. 20-5836, 2020 WL 6551832 (Nov. 9, 2020); *United States v. Lomas*, 643 F. App'x 319, 324 (5th Cir. 2016).

## III.

The district court abused its discretion by giving Martinez's probation officer the option to choose between inpatient and outpatient drug treatment. While probation officers may "manage aspects of sentences" and oversee the conditions of supervised release, a probation officer may not exercise the "'core judicial function' of imposing a sentence, 'including the terms and conditions of supervised release.'" *United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (quoting *Franklin*, 838 F.3d at 568). This duty belongs to the court and may not be delegated. *Id.* We have previously vacated special conditions that delegate judicial authority to the probation officer by allowing the probation officer to decide whether mental-health or substance-abuse treatment should be required. *United States v. Simpson*, 788 F. App'x 991, 992 (5th Cir. 2020); *United States v. Griffin*, 780 F. App'x 103, 106–07 (5th Cir. 2019); *United States v. Moreno*, 697 F. App'x 384, 384–85 (5th Cir. 2017); *Franklin*, 838 F.3d at 568. We have not yet, however, decided whether giving a probation officer the option to require inpatient treatment impermissibly delegates a core judicial function.

Three of our sister circuits have addressed this question in published opinions, and each has decided that the court may not delegate the decision to require inpatient treatment to a probation officer because of the significant liberty interests at stake in confinement during inpatient treatment.[1] *See*

---

[1] Two other circuits have addressed related issues in unpublished opinions. *United States v. Cutler*, 259 F. App'x 883, 886–87 (7th Cir. 2008) (unpublished); *United States v. Calnan*, 194 F. App'x 868, 870–71 (11th Cir. 2006) (unpublished). In *Cutler*, the Seventh

No. 20-20148

*United States v. Matta*, 777 F.3d 116, 122–23 (2d Cir. 2015); *United States v. Mike*, 632 F.3d 686, 695–96 (10th Cir. 2011); *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009). Inpatient treatment differs from outpatient treatment because the patient cannot leave; the patient must remain at the hospital or facility day and night throughout the duration of the treatment. *Matta*, 777 F.3d at 122. "Conditions that that touch on significant liberty interests are qualitatively different from those that do not." *Mike*, 632 F.3d at 695.

*Mike* is right. The decision to place a defendant in inpatient treatment cannot be characterized as one of the managerial details that may be entrusted to probation officers. *See Barber*, 865 F.3d at 839. Here, because of Martinez's short ten-month sentence, the district court should not have delegated the decision to further restrict a defendant's liberty during the course of treatment while on supervised release. *Cf. United States v. Medel-Guadalupe*, No. 19-40901, slip op. at 10 (5th Cir. Feb. 8, 2021) (permitting delegation of the inpatient–outpatient decision after a longer, ten-*year* sentence). That said, our decision should not be construed to prevent a defendant from electing inpatient treatment in the absence of a court order. Instead, we hold today that the court should not have delegated to the probation officer the decision to require inpatient, rather than outpatient, treatment because of the liberty interests at stake and the length of the sentence.

---

Circuit rejected the appellant's argument that the probation officer should have placed him in inpatient, rather than outpatient, care when the conditions on supervised release did not use either term. 259 F. App'x at 885, 887. The court characterized the inpatient–outpatient decision as a delegable "treatment detail." *Id.* In *Calnan*, the Eleventh Circuit concluded that delegation of the inpatient–outpatient decision did not constitute plain error. 194 F. App'x at 870–71.

No. 20-20148

\*    \*    \*

The condition allowing Martinez's probation officer to elect between inpatient or outpatient treatment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.