# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2021

Lyle W. Cayce
Clerk

No. 20-50455
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABRAHAM RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1081-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Abraham Rodriguez was convicted of conspiracy to possess with intent to distribute a controlled substance, methamphetamine, and was sentenced to 210 months of imprisonment and a five-year term of supervised release. He contends that the district court erred by including various special

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50455

and additional conditions of supervised release in the written judgment that it failed to orally pronounce at sentencing. Rodriguez seeks remand to permit the district court to conform the written judgment to the oral pronouncement.

"The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing." *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir.) (en banc), *cert. denied*, 145 S. Ct. 825 (2020). Conditions of supervised release that are required under 18 U.S.C. § 3563(d) need not be orally pronounced. *Id.* at 558. However, the district court must pronounce "special" conditions—*i.e.*, those that are discretionary under § 3563(d)—to allow the defendant an opportunity to object. *Id.* at 559.

If the written judgment conflicts with what the district court pronounced at sentencing, the oral pronouncement controls. *Id.* at 557. The written judgment conflicts with the oral pronouncement when the written judgment "broadens the restrictions or requirements of supervised release." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). In that instance, "the appropriate remedy is remand to the district court to amend the written judgment to conform to the oral sentence." *United States v. Omigie*, 977 F.3d 397, 406 (5th Cir. 2020) (quoting *Mireles*, 471 F.3d at 557).

We review preserved challenges to conditions of supervised release for abuse of discretion; we review forfeited challenges for plain error. *See United States v. Franklin*, 838 F.3d 564, 566 (5th Cir. 2016). A defendant forfeits a challenge to a condition of supervised release if the defendant had the opportunity to object in the district court but did not. *Diggles*, 957 F.3d at 560. When a defendant did not have the opportunity to object because the district court failed to pronounce a condition that required oral pronouncement, we review the asserted error, as if preserved, for abuse of discretion. *United State v. Martinez*, 987 F.3d 432, 434 (5th Cir. 2021).

2

No. 20-50455

Rodriguez challenges eight conditions of supervised release. Rodriguez's presentence investigation report recommended certain conditions of supervised release, and the district court orally adopted the report at the sentencing hearing. *See Diggles*, 957 F.3d at 560.

Four of the challenged conditions do not conflict with the orally adopted report: (1) the condition to provide financial information as long as Rodriguez owed money in child support; (2) the prohibition on incurring new debt without approval from the probation officer; (3) the requirement to attend a General Equivalency Diploma Program; and (4) the requirement to attend a parenting course. Accordingly, Rodriguez had notice and an opportunity to object to these challenged conditions. *See id.* at 554–55, 560. Rodriguez's arguments related to these special conditions fail "for the same reason that plain-error review applies: the judge informed [him] of the conditions, so [he] had an opportunity to object." *Id.* at 560.

The other four conditions, however, do conflict with the conditions pronounced by the court's statements and adoption of the presentence investigation report at sentencing, and so we review for abuse of discretion. *See Martinez*, 987 F.3d at 434.

(1) The written judgement requires Rodriguez to pay alimony, but— as the government concedes—alimony is mentioned nowhere in the presentence investigation report or in the district court's comments at sentencing. The district court abused its discretion by adding an alimony condition.

(2) The written judgment states that Rodriguez "must participate in a substance abuse treatment program." At sentencing, however, the district court said that "in the event that [need of treatment] is indicated [by a substance abuse test], [Rodriguez] will be ordered to participate in any substance abuse treatment program that may be required." The written

judgment conflicts with this oral pronouncement by making treatment required rather than contingent on a test. The district court avoids a potential delegation problem by stating that Rodriguez "*will be ordered* to participate" if needed. Only a district court—not a probation officer—can require substance abuse treatment. *Franklin*, 838 F.3d at 568. Here, the district court's pronouncement says that it will subsequently issue an order for treatment if the need arises. The district court therefore abused its discretion by ordering treatment in the written judgment.

(3) The written judgment requires Rodriguez to abstain from "alcohol and any and all intoxicants" during treatment. Neither the presentence investigation report nor the district court's comments at sentencing mention abstaining from alcohol and intoxicants. The district court abused its discretion by adding this condition.

(4) The written judgment states that Rodriguez "shall participate in workforce development programs." At sentencing, however, the district court said that it would "order that Workforce Development be made available to you in the event that you need some assistance in securing employment." The mandate in the written judgment conflicts with the option in the district court's oral pronouncement. The district court abused its discretion by ordering Rodriguez to participate in a workforce development program rather than simply ordering that such a program be made "available" to him.

*       *       *

Rodriguez's sentence is AFFIRMED in part and VACATED in part. The case is REMANDED for amendment of the written judgment to conform to the oral pronouncement.