# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-20497
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Antonio Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-420-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

Nathan Antonio Johnson appeals the 100-month sentence imposed following his guilty plea to one count of aiding and abetting interference with commerce by robbery, pursuant to 18 U.S.C. §§ 1951(a) and 2. Johnson raises two issues on appeal.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

First, Johnson challenges the district court's application of a six-level firearm enhancement pursuant to U.S.S.G. § 2B3.1(b)(2)(B). He contends that the district court erroneously relied on speculation and the general nature of the robbery offense to justify the enhancement where the facts set forth in the presentence report (PSR) showed that he had no reason to foresee his co-defendant's use of a firearm in the robbery.

The district court must consider not only a defendant's conduct but also any "relevant conduct." U.S.S.G. § 1B1.3. A defendant's relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" and, "in the case of a jointly undertaken criminal activity . . . , all acts and omissions of others that were," inter alia, "reasonably foreseeable in connection with that criminal activity[.]" § 1B1.3(a)(1). A district court's finding of reasonable foreseeability is reviewed for clear error. *See United States v. Jordan*, 945 F.3d 245, 263-64 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2698 (2020), *and cert. denied sub nom. Wise v. United States*, 141 S. Ct. 606 (2020).

The district court considered and was unpersuaded by Johnson's argument that the facts contained in the PSR negated a reasonable foreseeability finding. The district court observed that, according to reports of the video surveillance footage of the robbery, Johnson did not appear shocked when the firearm was displayed, nor did the record show that he left or refused to commit the robbery when he saw the firearm. Instead, the record established that Johnson and his co-defendant arrived at the hotel in the same vehicle and, upon entering the hotel lobby together, his co-defendant demanded money and pointed a semi-automatic pistol at the hotel employee while Johnson took money from the cash register. Insofar as Johnson argued that using a gun was not typical of other robberies he had committed, the district court noted Johnson's long and varied criminal

history set forth in the PSR and concluded that it was hard to ascertain his "typical" criminal conduct. Moreover, despite Johnson's contentions, the district court did not err when it considered the general nature of the robbery offense to determine whether his co-defendant's use of the firearm was reasonably foreseeable to Johnson. *See Jordan*, 945 F.3d at 264; *United States v. Burton*, 126 F.3d 666, 679 (5th Cir. 1997). Accordingly, the district court's finding of reasonable foreseeability was plausible in light of the record as a whole, and the application of the § 2B3.1(b)(2)(B) enhancement was not clearly erroneous. *See Jordan*, 945 F.3d at 263-64.

Next, as a condition of supervised release, the district court ordered that Johnson "participate in an inpatient or outpatient substance abuse treatment program and follow the rules and regulations of that program." Johnson challenges the district court's use of the terms "inpatient or outpatient" as an improper delegation of judicial authority to a probation officer. Johnson concedes that plain error review applies because he did not raise his objection at sentencing when he had an opportunity to do so. *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020); *cf. United States v. Martinez*, 987 F.3d 432, 434-35 (5th Cir. 2021).

Johnson challenges the same wording we addressed in *Martinez*, 987 F.3d at 434-36, and *United States v. Medel-Guadalupe*, 987 F.3d 424, 429-31 (5th Cir. 2021), *cert. denied*, 2021 WL 1520967 (U.S. Apr. 19, 2021) (No. 20-7483). These companion decisions established two principles regarding the delegation of authority to probation officers. *See United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021). "First, the district court will have the final say on whether to impose a condition. Second, although a probation officer's authority extends to the modality, intensity, and duration of a treatment condition, it ends when the condition involves a significant deprivation of liberty." *Id.* at 716-17 (internal quotation marks and citations omitted). In

*Medel-Guadalupe*, we held that, because of the 120-month term of incarceration and the district court's final say over the treatment condition, delegation of the decision to require inpatient treatment was permissible. *Medel-Guadalupe*, 987 F.3d at 431. We correspondingly held in *Martinez* that, because of the shorter, 10-month term of incarceration, delegation of the inpatient treatment decision was not permissible. *Martinez*, 987 F.3d at 436.

Johnson suggests that this court should reconsider its precedents *en banc*. At the same time, he concedes that plain-error review applies to his challenge and that he cannot show that the district court plainly erred. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Bishop*, 603 F.3d 279, 281-82 (5th Cir. 2010). Johnson thus concedes that he is not entitled to relief, and we agree.

The judgment of the district court is AFFIRMED.