# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2021

Lyle W. Cayce
Clerk

No. 20-40669
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAVIER MENA MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1675-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Javier Mena Martinez appeals the sentence imposed following his conviction of transporting an illegal alien. He argues that the district court impermissibly delegated the decision to place him in an inpatient or outpatient drug treatment program to the probation officer.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40669

Mena Martinez concedes plain error review applies, because he did not raise his objection at sentencing when he had an opportunity to do so. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir.), (en banc), *cert. denied*, 141 S. Ct. 825 (2020). Under the plain error standard, Mena Martinez must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

"The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated." *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (internal quotation marks and citation omitted). It is not permissible for a district court to delegate the decision of "whether a defendant will participate in a treatment program," but "a district court may properly delegate to a probation officer decisions as to the details of a condition of supervised release." *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 400 (5th Cir. 2019) (internal quotation marks, emphasis, and citations omitted).

Recently, this court simultaneously issued *United States v. Martinez*, 987 F.3d 432 (5th Cir. 2021), and *United States v. Medel-Guadalupe*, 987 F.3d 424 (5th Cir.), *cert. denied*, ____ S. Ct. ____, No. 20-7483, 2021 WL 1520967 (U.S. April 19, 2021), which addressed the same wording of imposed special conditions of supervised release that Mena Martinez challenges here. In light of these decisions, we conclude that the district court impermissibly delegated authority to determine whether Mena Martinez should participate in inpatient or outpatient treatment and that this constitutes reversible plain error. *See Martinez*, 987 F.3d at 436; *United States v. Barber*, 865 F.3d 837, 840 (5th Cir. 2017).

Accordingly, the substance abuse treatment condition is VACATED and the matter is REMANDED to the district court.