# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2023

Lyle W. Cayce
Clerk

———————

No. 22-10305

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROY DEAN JACQUOT, III,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-162-1

———————————————————————

Before HAYNES and ENGELHARDT, *Circuit Judges*, and DEGRAVELLES, *District Judge*.[1]

PER CURIAM:[*]

Appellant Roy Dean Jacquot III ("Jacquot") appeals conditions of his supervised release that include a provision that he "shall participate in a program inpatient and/or outpatient approved by the U.S. Probation Office

---

[1] United States District Judge for the Middle District of Louisiana, sitting by designation.

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

for treatment of narcotic, drug[,] or alcohol dependency." For the reasons explained below, we dismiss the appeal.

## I. Background

In 2020, Roy Dean Jacquot, III, pleaded guilty to one count of possession of stolen mail. The district court sentenced him to 11 months in prison and two years of supervised release. Jacquot's supervised release began on September 10, 2021. His conditions of supervised release precluded him from possessing illegal controlled substances, required him to participate in an outpatient program approved by the probation officer for treatment of narcotic or drug or alcohol dependency, and mandated that he abstain from the use of alcohol and all other intoxicants during and after completion of treatment.

In November 2021, the probation officer, with the consent of Jacquot, requested that the conditions of supervised release be modified, because Jacquot began to use and possess methamphetamine and failed to attend and to participate in outpatient treatment. Jacquot informed his probation officer that he would like to enter inpatient substance abuse treatment and to participate in mental health counseling. The petition therefore requested the addition of supervised release conditions that required Jacquot to take part in mental health treatment services as directed by the probation officer until successfully discharged and to participate in an inpatient and/or outpatient substance abuse treatment program approved by the United States Probation Office. The district court granted the request and added the conditions of supervised release.

Shortly thereafter, the probation officer filed a report that detailed Jacquot's failure to adhere to the conditions of his supervision. The probation officer set forth that Jacquot had used and possessed controlled substances on multiple instances. The probation officer detailed that Jacquot had

No. 22-10305

entered inpatient substance abuse treatment and was undergoing evaluations to address his potential physical and behavioral health issues.

In February 2022, the probation officer filed a petition which alleged that Jacquot had possessed illegal controlled substances and had failed to comply with the special conditions that required him to refrain from using controlled substances and to participate in substance abuse treatment and testing programs. The petition also alleged that Jacquot violated the standard conditions that required him to report to his probation officer as instructed and that mandated that he reside at a place approved by the probation officer and provide notification of an address change. An arrest warrant was issued.

At the ensuing revocation hearing, Jacquot pleaded true to each of the allegations in the petition. The district court found that Jacquot violated the conditions of his supervision and revoked his supervised release. The district court sentenced him to eight months in prison—which was within the advisory guidelines range and less than the statutory maximum sentence—and ordered a 24-month term of supervised release. In addition, the district court reimposed the conditions of supervised release in the criminal judgment, as later modified, and discussed mandatory and standard conditions with which Jacquot had to comply. The district court also orally pronounced that Jacquot "shall participate in a program inpatient and/or outpatient approved by the U.S. Probation Office for treatment of narcotic, drug[,] or alcohol dependency." Jacquot did not make an objection. Jacquot filed a timely appeal.

## II. Legal Standard

Because Jacquot did not object to the imposition of the condition that he participate in an inpatient or outpatient drug rehabilitation program, and because he had notice of the condition and the opportunity to object in the district court, we review for plain error. *See United States v. Diggles*, 957 F.3d

551, 559 (5th Cir. 2020) (en banc). To show plain error, Jacquot "must show that (1) the district court erred; (2) the error was clear and obvious; and (3) the error affected his substantial rights." *United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If Jacquot makes that showing, this court should exercise its discretion to correct the error if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States,* 578 U.S. 189, 194 (2016).

## III. Discussion

### A. Fugitive Disentitlement

During the pendency of this appeal, Jacquot failed to appear before the District Court for the Northern District of Texas at a hearing to determine whether his supervised relief should be revoked. The district court issued a bench warrant for Jacquot's arrest, and today Jacquot remains a fugitive. The fugitive-disentitlement doctrine permits a court to dismiss a defendant's appeal if he flees while the appeal is pending. "It has been settled for well over a century that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal." *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993). The rationale for the doctrine includes concerns about the enforceability of the appellate court's judgment against the fugitive, *see Smith v. United States*, 94 U.S. 97 (1876); the belief that flight "disentitles" the fugitive to relief, *see Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970); and the desire to promote the "efficient dignified operation" of the appellate court, *see Estelle v. Dorrough*, 420 U.S. 534, 537 (1975).

A term of supervised release is an integral part of a judgment and sentence, a period within which an offender can be reintegrated into society under the supervision of the criminal justice system. This court will not

diminish the importance of that period by disregarding the status of those who become fugitives during supervised release. Upon careful consideration, we apply the fugitive-disentitlement doctrine to this case, and we hold this appeal is subject to dismissal pursuant to the fugitive-disentitlement doctrine.

### B. Delegation to Probation

Alternatively, we would affirm the judgment of the district court for the following reasons. Jacquot argues that the district court erred by delegating the option to choose between inpatient and outpatient drug rehab treatment to Jacquot's probation officer. "While probation officers may 'manage aspects of sentences' and oversee the conditions of supervised release, a probation officer may not exercise the 'core judicial function' of imposing a sentence, 'including the terms and conditions of supervised release.'" *United States v. Martinez*, 987 F.3d 432, 435 (5th Cir. 2021) (*quoting United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017)).

In Martinez, we considered a nearly identical condition of release and ruled that due to the criminal defendant's "short ten-month sentence, the district court should not have delegated the decision to further restrict a defendant's liberty during the course of treatment while on supervised release." *Martinez*, 987 F.3d at 436 (5th Cir. 2021). However, *Martinez* was not a plain error case and is thus not dispositive. We will nonetheless assume arguendo that Jacquot has met the first three prongs of the plain error review. Nonetheless, we conclude that we should not exercise our discretion in his favor because of the particular facts here. Jacquot previously requested a modification of his conditions of supervised release from outpatient treatment to inpatient treatment which the district court agreed to. Accordingly, at this sentencing, the district court was merely reinstating that which Jacquot had previously requested and agreed to and which he did not

No. 22-10305

object to. Indeed, his conduct since demonstrates why he wanted and needed the inpatient treatment. Thus, we do not find that any error in this regard "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez* 578 U.S. at 194. Thus, in the alternative, we affirm the district court.

## IV. Conclusion

Accordingly, the appeal is dismissed.