# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2023

Lyle W. Cayce
Clerk

No. 23-20067
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRENDA YADIRA PEREZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-532-1

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Brenda Yadira Perez appeals the sentence imposed following her guilty-plea conviction, arguing that several conditions of supervised release in the written judgment conflict with the oral pronouncement at sentencing.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20067

We agree that a conflict exists, as does the Government. Accordingly, we vacate the sentence in part and remand.[1]

To impose conditions of supervised release not mandated by 18 U.S.C. § 3583(d), a district court must pronounce them at sentencing. *United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). "If the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement, a conflict exists." *United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006). In such cases the judgment must be amended to conform to the oral sentence. *Id.*

The written judgment in this case includes 15 "standard conditions" that are not required by § 3583(d) and were not pronounced at sentencing. Perez challenges standard conditions 2 through 15. Because she did not have an opportunity to object in the district court, our review is for abuse of discretion. *See United States v. Martinez*, 987 F.3d 432, 434–35 (5th Cir. 2021).

As the Government concedes, standard conditions 2 through 9 and 11 through 15 conflict with the oral pronouncement of sentence and must therefore be stricken. *See Mireles*, 471 F.3d at 558. Standard condition 10—which prohibits Perez from owning or possessing a firearm, ammunition, destructive device, or dangerous weapon—is partially consistent with the mandatory condition that she must not commit other crimes. *See* 18 U.S.C. §§ 922(g)(1), 921(a)(3); *see also* § 3583(d). However, because this prohibition creates a conflict to the extent it encompasses lawful conduct, it must be modified. *See Mireles*, 471 F.3d at 558.

_____

[1] Judge Oldham adheres to his view that our precedents are deeply flawed and should be reconsidered. *See United States v. Griffin*, No. 21-50294, 2022 WL 17175592, at *7–8 (5th Cir. Nov. 23, 2022) (Oldham, J., dissenting).

No. 23-20067

For these reasons, the judgment is VACATED IN PART, and we REMAND to the district court for the limited purpose of conforming the judgment to the oral pronouncement of sentence.