Filed 9/12/25  P. v. Tran CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>TAI HUY TRAN,<br><br>      Defendant and Appellant. | A170390<br><br>(Marin County<br>Super. Ct. No.<br>SC220701A) |

Defendant Tai Huy Tran was convicted by a jury of various drug offenses and placed on probation.  On appeal, he does not challenge his conviction but contends that certain conditions of his probation constitute an improper delegation of judicial authority to a probation officer and are impermissibly vague and overbroad.  We agree that the trial court's order impermissibly delegates to the probation department the authority to decide the kinds of programming or treatment in which Tran is required to participate, including whether he will be required to participate in a residential treatment program.  (See *People v. Smith* (2022) 79 Cal.App.5th 897, 903 (*Smith*).)  Accordingly, we vacate the conditions and remand so the court can identify with greater specificity the conditions imposed on Tran.

# BACKGROUND

Tran was charged and convicted by a jury of transportation of Ketamine, Psilocybin, LSD, and Ecstasy (Health & Saf. Code,[1] §11379, subd. (a)); possession for sale of Ketamine, Psilocybin, LSD, and Ecstasy (§ 11378); transportation of cocaine (§ 11352, subd.(a)); possession for sale of cocaine (§ 11351); possession for sale of Alprazolam (§ 11375, subd. (b)(1)); transportation of marijuana for sale (§ 11360, subd. (a)(2)); and possession of marijuana for sale (§ 11359, subd. (b)).

The trial court suspended imposition of sentence and placed Tran on probation subject to, among others, the following conditions: (1) The defendant shall participate in a substance use assessment at the direction of the probation officer and abide by treatment recommendations; (2) If residential treatment is recommended by the alcohol and drug assessment, it is approved by the Court; (3) The defendant shall participate in any treatment/therapy/counseling program, as directed by the probation officer; (4) The defendant shall enroll and complete a cognitive behavioral treatment program such as Thinking for a Change, as directed by the probation officer; (5) The defendant shall participate in psychotherapy, or any other treatment as directed by the probation officer and must not terminate treatment without prior approval of the therapist and probation officer; and (6) The defendant shall participate in a psychological evaluation at the direction of the probation officer.

The court advised Tran, "When you are on probation, you must attend any type of self-help meetings or substance abuse treatment or psychological or therapeutic treatment as directed by the Probation Department." The

---

[1] All undesignated statutory references are to the Health and Safety Code.

court continued, "So, treatment could include nothing or if it's determined that you have a substance abuse problem, it could be like AA meetings or an outpatient program or a residential treatment program, whatever they think is necessary. Or, if they think that some treatment, therapy, or psychotherapy is in order, then they can give you directions in that."

## DISCUSSION

Tran contends that the probation conditions ordering him to participate in assessments, evaluations, and treatments as directed by the probation officer constitute an impermissible delegation of judicial authority and are vague and overbroad. Tran concedes that he did not object to any of the conditions of probation in the trial court but correctly argues that his constitutional challenges are cognizable on appeal because they present pure questions of law. (*Smith, supra*, 79 Cal.App.5th at p. 901 [a "facial constitutional challenge may be considered for the first time on appeal because it does not depend on the underlying factual record"]; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143 ["[T]he failure to object on the ground that a probation condition is unconstitutionally vague or overbroad is not forfeited on appeal"].) Tran's "constitutional challenges present questions of law that we consider de novo." (*Smith*, at p. 902.)

## I.

We start with Tran's challenge under the separation of powers doctrine. "By leaving key determinations to be decided ad hoc, a vague probation condition may . . . result in an impermissible delegation of authority to the probation officer. [Citation.] Under the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers. [Citation.] While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the

3

court's duty to determine the nature of the requirements imposed on the probationer." (*Smith, supra*, 79 Cal.App.5th at p. 902.) "[C]ourts may not delegate the exercise of their discretion to probation officers." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1372.)

## A.

We agree with Tran that the first two probation conditions, taken together, violate the separation of powers because they delegate to someone other than a judicial officer the decision whether Tran will be required to participate in *residential* substance use treatment. Again, the conditions read as follows: (1) The defendant shall participate in a substance use assessment at the direction of the probation officer and abide by treatment recommendations; (2) If residential treatment is recommended by the alcohol and drug assessment, it is approved by the Court.[2]

In *Smith*, the court concluded that a probation condition requiring the defendant " 'to participate in any treatment/therapy/counseling program, including residential, as directed by the probation officer,' " was an impermissible delegation of judicial authority because it delegated to the probation officer the authority to decide whether the defendant must attend a residential program as opposed to an outpatient program. (*Smith, supra*, 79 Cal.App.5th at pp. 902–903.) The court explained: "A residential program can impose far greater burdens on a person's liberty interests than an outpatient program. . . . Given the significant liberty interests at stake, a

---

[2] The Attorney General's suggestion in a footnote that Tran has not challenged these conditions as violating the separation of powers doctrine is not persuasive. Tran includes these conditions in his list of the challenged conditions in his brief and argues that they improperly require him to "undergo an assessment for drug treatment, which could possibly result in an inpatient treatment program."

4

court—not a probation officer—must make the decision to require a defendant to attend residential treatment." (*Id.* at p. 903.)  Accordingly, *Smith* remanded "for the trial court to decide if it wishes to mandate residential treatment," informed by "the results of any assessment and additional information provided by the parties."  (*Ibid.*)

*Smith* followed *United States v. Esparza* (9th Cir. 2009) 552 F.3d 1088, 1091 (*Esparza*), in which the defendant was required under the terms of his probation "to participate in a counseling or sex offender treatment program, 'which *may include* inpatient treatment, as approved and directed by the Probation Officer.' "  As in *Smith*, the court held that, given the "liberty interests at stake," the condition improperly delegated to the discretion of the probation officer the decision whether defendant would receive inpatient or outpatient sex offender treatment.  (*Ibid.*)  Federal courts have held that "these same liberty concerns are present in relation to all inpatient treatment, whatever the ailment."  (*United States v. Nishida* (9th Cir. 2022) 53 F.4th 1144, 1151, citing *United States v. Martinez* (5th Cir. 2021) 987 F.3d 432, 435–436  ["The decision to place a defendant in inpatient treatment cannot be characterized as one of the managerial details that may be entrusted to probation officers"]; *United States v. Matta* (2d Cir. 2015) 777 F.3d 116, 122 ["There is no dispute that, in the context of supervised release at least, inpatient drug treatment programs are sufficiently more restrictive than outpatient programs that the difference between the two programs might be said to be the difference between liberty and the loss of liberty"]; *United States v. Mike* (10th Cir. 2011) 632 F.3d 686, 696, 699–700 [establishing "that a district court cannot delegate the decision of whether to subject a defendant to residential treatment" and concluding that the district

court erred when it gave the probation officer discretion to require residential mental-health or substance-abuse treatment].)

The Attorney General attempts to distinguish *Smith* and *Esparza* on the ground that here the court expressly stated that it was approving residential treatment if it "is recommended by the alcohol and drug assessment." But the phrase "including residential" in *Smith* similarly made clear that the court was approving residential treatment—as long as the probation officer recommended it. Likewise in *Esparza*: The court expressly stated that any program "may include inpatient treatment"—again as long as the probation officer directed it. As here, in those cases the court approved but did not require participation in residential treatment, effectively leaving the controlling decision to be made by someone else.

The Attorney General does not argue that we should attach special significance to the fact that the condition referred to "a drug and alcohol assessment" rather than to a probation officer, and we do not find the distinction meaningful. The record is unclear about who was to conduct the assessment in this case, but even assuming "it was intended that a treatment professional would decide whether inpatient or outpatient treatment would be required, the same improper-delegation problem would exist." (*United States v. Nishida, supra*, 53 F.4th at p. 1152.) As the court explained in *Nishida*, "While the record is not definitive regarding [the court's] intent, the words that it used give the probation officer (in consultation with the treatment provider) discretion to require inpatient or outpatient treatment." (*Ibid.*)

Here, at the time of the sentencing hearing, Tran had been remanded to custody because he refused to meet with his probation officer. Accordingly, the probation report indicated that "defendant declined to participate in the

interview; therefore, information regarding his use of controlled substances and alcohol is unknown." At the hearing, the court indicated that it did not believe a prison sentence would be appropriate in this case but emphasized that before it could impose probation, Tran would need to agree that he would report to the probation department and follow the directions given by his probation officer. In imposing probation, the court rejected the one-year jail term recommended by the probation department and imposed only 60 days with 57 days credit. We are mindful of the practical difficulties faced by courts imposing conditions of probation prior to completion of appropriate assessments. Nonetheless, the liberty interests at stake require that the court, not the probation department or even the probation department in consultation with a treatment professional, make the determination that residential treatment is required. On this record, the efficiency intended by preapproving residential care if clinically indicated, while understandable, was impermissible. The court gave itself no opportunity to review the result of any assessment or to hear from the parties about it. (See *Smith, supra*, 79 Cal.App.5th at p. 903.) In circumstances such as these, the probation department may need to be ordered to return to court to request a condition mandating residential treatment if the assessment concludes such treatment is necessary.

**B.**

Tran further argues that all six conditions violate the separation of powers because the identified programs or kinds of treatment were "all at the direction of his probation officer," leaving it to probation to decide the nature or extent of the punishment. This issue was also addressed in *Smith*, where the court noted that, beyond the reference to residential treatment, the condition "as worded may be problematic" insofar as it could be read to allow

7

the probation officer to decide *whether* the defendant would be required to attend any treatment. (*Smith, supra*, 79 Cal.App.5th at pp. 902, 903.) But the court concluded that any such ambiguity dissipated when the condition was considered alongside the court-imposed assessment condition, which required the defendant to " 'complete a drug and alcohol assessment and follow through with treatment as directed by probation.' " (*Ibid.*) Considering this additional context, *Smith* concluded that the trial court permissibly "mandated treatment for substance abuse based on the assessment while leaving the probation officer to oversee the details." (*Id.* at p. 903.)

Numerous federal courts have found that a similarly worded probation condition, at least without additional clarifying information in the record, constituted an excessive delegation to the probation office. For example, in *United States v. Peterson* (2d Cir. 2001) 248 F.3d 79, a special condition provided that " 'the defendant is to enroll, attend, and participate in mental health intervention . . . *as directed by the U.S. Probation Office*." (*Id.* at pp. 84–85.) The court noted that the first clause, "the defendant is to enroll, attend, and participate," could imply that the condition is mandatory, but the subsequent clause, "as directed by the U.S. Probation Office," might mean that the probation officer could decide *whether* the defendant participated in mental health intervention, which would constitute an improper delegation of authority. (*Id.* at p. 85.) In the absence of the kind of additional context that was present in *Smith*, the court remanded the case to the district court to clarify the nature of the condition imposed. (*Ibid.*; accord, e.g., *United States v. Heath* (11th Cir.2005) 419 F.3d 1312, 1315; *United States v. Pruden* (3d Cir. 2005) 398 F.3d 241, 251; *United States v. Kent* (8th Cir. 2000) 209 F.3d 1073, 1079.)

The question here is therefore whether there is information in the record that makes clear the court was mandating participation in the identified kinds of programs or treatments—permissibly leaving it to the probation department to oversee the details (see *People v. Penoli* (1996) 46 Cal.App.4th 298, 308)—or instead was delegating to the probation department the authority to decide *whether* Tran would be required to participate in any or some of them. The Attorney General reads the conditions to require Tran to participate in each of the identified types of programs or treatments, but the court's comments at the hearing, quoted above, suggest otherwise. Again, the court explained: "So, treatment could include nothing or if it's determined that you have a substance abuse problem, it could be like AA meetings or an outpatient program or a residential treatment program, whatever they think is necessary. Or, if they think that some treatment, therapy, or psychotherapy is in order, then they can give you directions in that." In our view, these comments suggest that the court was giving the probation department wide latitude to decide whether Tran would be required to participate in treatment or programming, and if so, what kind(s). At a minimum, there is sufficient uncertainty in the record that clarification is warranted given our conclusion that we must remand in any event for the court to decide whether a residential program is mandated. Accordingly, on remand the court should also specify what general kind(s) of programming or treatment are required. Subject to those requirements, the court may leave it to the probation department to oversee the details. (*Penoli*, at p. 308; *In re Victor L.* (2010) 182 Cal.App.4th 902, 919.)

## II.

Tran also challenges the probation conditions on the grounds that they are vague and overbroad. However, his arguments are based on the same problems we identified in our discussion above—namely, that because the court authorized the probation department to decide the kinds of programming, if any, in which Tran will be required to participate, it is unclear what the order requires of him or whether the programming ultimately selected would be reasonably related to his rehabilitation. We find it unnecessary to reach these arguments because any such problems are adequately addressed by the remand based on our discussion above.

## DISPOSITION

The six challenged probation conditions are vacated and the matter is remanded to the trial court with directions to identify the type or types of programming or treatment in which Tran is required to participate, including whether he is required to undergo residential treatment.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
CLAY, J. *

---

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10