# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2026

Lyle W. Cayce
Clerk

No. 24-11046

United States of America,

*Plaintiff—Appellee*,

*versus*

Brent Michael Dubois,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-118-1

―――――――――――――――――――――――

Before Southwick, Higginson, and Douglas, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:

This appeal presents the question of whether the district court improperly delegated its judicial power when sentencing the defendant. The sentence was for ten months of incarceration. Thereafter, the defendant is subject to a term of supervised release during which he must participate in a substance abuse program as either an inpatient or an outpatient as determined by the probation office. We hold that giving that determination to the probation office was error. Accordingly, we VACATE the condition of supervised release that allows the probation office to choose between requiring inpatient or outpatient treatment and REMAND.

No. 24-11046

## PROCEDURAL AND FACTUAL BACKGROUND

In 2011, Brent Dubois pled guilty to one count of possession of a controlled substance with intent to distribute. The district court sentenced him to 188 months incarceration followed by three years of supervised release. As a condition of that supervised release, the district court required Dubois to participate in a substance abuse program. The court authorized Dubois's probation office to determine if it would be an inpatient or outpatient program. Following a relevant amendment to the Sentencing Guidelines, Dubois moved to have the district court lower his sentence. The district court reduced Dubois's sentence to 151 months.

Dubois completed his term of incarceration in 2023 and began supervised release. He participated, but apparently not well, as an outpatient in a substance abuse program. Almost immediately, he started having difficulty staying enrolled in the program. Dubois's probation officer and the district court encouraged Dubois to comply with the terms of supervised release, spanning four revocation hearings and multiple substance abuse programs, but those efforts ultimately were unsuccessful.

In November 2024, Dubois's probation officer filed a fourth amended petition for revocation, averring that Dubois had violated the terms of his supervised release by using methamphetamine and failing to participate in a substance abuse program. Dubois pled true to the violations in the petition, excepting from his plea a factual allegation that the government then withdrew. The district court sentenced him to ten months incarceration and 32 months of supervised release. The court ordered that Dubois's supervised release be governed by the same conditions set out in the 2011 sentencing order. Accordingly, in its written judgment the court reimposed the condition that is now the subject of this appeal:

2

[T]he defendant shall . . . participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; [and] contribute to the costs of services rendered (copayment) at the rate of at least $20 per month.

Dubois did not object to the imposition of this condition before the district court. He now argues that allowing the probation office to decide whether his substance abuse program will be inpatient or not is an impermissible delegation of the court's sentencing authority.

## DISCUSSION

Dubois failed to object in district court to the conditions of supervised release, and we therefore review for plain error. *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017). "To prevail under plain error review, a defendant must show (1) error, (2) that is clear or obvious, and (3) that affected the defendant's substantial rights." *United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If all three of these conditions are met, the court has discretion to remedy the error, but that discretion should "be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (alteration in original) (quotation marks omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

## I.   *Error*

As mentioned, Dubois argues that the special condition for supervised release impermissibly delegates the judicial sentencing power and thus is invalid. Sentencing a criminal defendant is a "core judicial function" that cannot be delegated. *United States v. Barber*, 865 F.3d 837, 839 (5th Cir.

2017) (quoting *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016)). Article III bars such a delegation. *United States v. Yurika Huerta*, 994 F.3d 711, 716 (5th Cir. 2021). The power to control the "terms and conditions" of a defendant's supervised release fits comfortably within this core judicial function. *United States v. Martinez*, 987 F.3d 432, 435 (5th Cir. 2021) (quoting *Barber*, 865 F.3d at 839). Even so, probation officers may properly make decisions about the "modality, intensity, and duration" of a defendant's treatment when these bear on the "details" of the sentence. *United States v. Medel-Guadalupe*, 987 F.3d 424, 430–31 (5th Cir. 2021).

This court issued two precedents — on the same day, directly on point to our issue — with opposite outcomes. *See Martinez*, 987 F.3d at 435; *Medel-Guadalupe*, 987 F.3d at 429–31. They can be, and already have been, harmonized.

*Martinez* involved the revocation of the defendant's supervised release; he was sentenced to ten months in prison and one year of supervised release. *Martinez*, 987 F.3d at 434. One of the written conditions of supervised release required that Martinez undergo an "inpatient or outpatient substance abuse treatment program" at the discretion of the probation officer. *Id.* The court held this was an impermissible delegation of the district court's sentencing function to the probation officer. *Id.* at 435–36. The court highlighted the "significant liberty interests at stake in confinement during inpatient treatment," and it recognized that "the decision to place a defendant in inpatient treatment cannot be characterized as one of the managerial details that may be entrusted to probation officers." *Id.* This is especially true when a court can, with relative clarity because supervision is to commence relatively soon, forecast whether inpatient or outpatient treatment will best suit the defendant. *See id.* at 436 (highlighting the short ten-month sentence separating the sentencing from Martinez's term of supervised release).

On the other hand, it can be "appropriate to 'delegate' the questions of modality, intensity, and duration of such treatments" for substance abuse. *Medel-Guadalupe*, 987 F.3d at 431. Because Medel-Guadalupe's sentence of incarceration was for ten years, the district court could not have "predict[ed] what the need for substance abuse treatment during supervised release will be." *Id.* at 427, 430–31. It was therefore reasonable and not an improper delegation to defer the decision on certain details of supervised release to those who would be better positioned, a decade down the line, to determine the kind of treatment that would be best. *Id.* at 431. The court explained that the district court did not "affirmatively disclaim ultimate authority over the condition of supervised release," as the "district court will have the final say over the decision" if, "nearly a decade" after the opinion issues, "Medel-Guadalupe disagrees with the inpatient/outpatient determination." *Id.* at 430–31 (alteration in original) (quotation marks omitted) (quoting *United States v. Demery*, 674 F.3d 776, 783 (8th Cir. 2011)).

In a later opinion, we explained that these precedents established several principles that guide our inquiry: "First, the district court will have the final say on whether to impose a condition . . . . Second, although a probation officer's authority extends to the modality, intensity, and duration of a treatment condition, it ends when the condition involves a significant deprivation of liberty." *United States v. Aguilar-Cerda*, 27 F.4th 1093, 1096 (5th Cir. 2022) (quoting *Yurika Huerta*, 994 F.3d at 716).

The most relevant distinction between the two same-day pronouncements of this court — a distinction first identified by another panel and with which we agree — is that the "permissibility of a district court's delegation of the inpatient/outpatient decision" largely turns on the "length of the underlying prison sentence." *See United States v. Huerta*, No. 19-41018, 2022 WL 68974, at *2 (5th Cir. Jan. 6, 2022) (unpublished); *see Aguilar-Cerda*, 27 F.4th at 1096. Though the precise line dividing

permissible and impermissible delegations may be unclear, our opinions conclusively establish (1) ten months is sufficient to show an impermissible delegation and (2) ten years is insufficient to make the same showing. *See Martinez*, 987 F.3d at 436; *Medel-Guadalupe*, 987 F.3d at 431.

Dubois's sentence following his most recent revocation is ten months. Determining whether the district court has impermissibly delegated its sentencing power — at least as to the issue of inpatient or outpatient substance abuse programs — depends on the length of the sentence. *Martinez* held that ten months is a sufficiently short sentence to demonstrate an impermissible delegation. We conclude Dubois has shown that the district court erred.

## II.    *Clear or Obvious*

The plain error test requires more than error — the error must have been "clear or obvious." *Rosales-Mireles v. United States*, 585 U.S. 129, 134 (2018) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). An error must be "clear under current law" to satisfy this requirement. *United States v. Olano*, 507 U.S. 725, 734 (1993). A corollary is that the issue must not be subject to reasonable dispute. *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009). Since it is clear, under a binding published opinion of this court, that delegating an inpatient/outpatient decision following only a ten-month sentence is an impermissible delegation of a core judicial power, this element of the plain error test is satisfied.[1] *See Martinez*, 987 F.3d at 436.

------

[1] The Government argues that this is incorrect for three reasons, none of which are availing. First, it argues that this case differs from *Martinez* because that case did not involve a "reimposition of the same condition of supervised release." The Government does not demonstrate that this would make a difference in the analysis. Second, the Government contends the fact that the court in *Martinez* reviewed the error for abuse of

## III.    *Effect on Substantial Rights*

For Dubois to show plain error, he must show that the district court's error affected his substantial rights. The "defendant must demonstrate that the error affected the outcome of the district court proceedings" to show that the error affected their substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (*en banc*) (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)). "[I]mpermissible delegations of sentencing authority violate a defendant's 'substantial right[] . . . to be sentenced by an Article III judge.'" *United States v. Vega-Santos*, 122 F.4th 571, 575 (5th Cir. 2024) (alteration in original) (quoting *Barber*, 865 F.3d at 840). Dubois's substantial rights have clearly been violated.

## IV.    *Exercise of Discretion*

Our final consideration concerns the court's discretion to correct a plain error. We may exercise our discretion when failing to reverse would affect the "fairness, integrity, or public reputation of judicial proceedings." *Escalante-Reyes*, 689 F.3d at 425 (quoting *Puckett*, 556 U.S. at 135). This standard requires more than the satisfaction of the first three factors. *Olano*, 507 U.S. at 736–37. The exercise of discretion, which is the overarching final consideration, requires "a case-specific and fact-intensive" inquiry into

---

discretion distinguishes this case, but this assertion misses the mark. The plain error standard of review we apply here requires us to look to existing caselaw to determine whether the error is plainly wrong. Here, *Martinez* clearly establishes that a ten-month sentence followed by supervised release subject to a discretionary inpatient/outpatient condition impermissibly delegates the judicial power. Third, the Government urges us to rely on the concurrence in *Aguilar-Cerda* that was joined by one other member of that panel, which took the position that allowing a probation officer discretion to order inpatient/outpatient treatment is not an impermissible delegation because the district court retains ultimate authority over the probation officer's decisions. *Aguilar-Cerda*, 27 F.4th at 1097 (HIGGINBOTHAM, J., concurring). We conclude that binding and prior precedent point in the other direction.

whether the error affects any of the foregoing considerations. *Puckett*, 556 U.S. at 142. We view cases in which the error was "judicial" in nature as usually supporting error correction, as such errors take fewer resources to remedy and — being judicial — directly undermine the public reputation of judicial proceedings. *See Rosales-Mireles*, 585 U.S. at 140–41. If resentencing the defendant is the sole remedy to be had, then the balance weighs more heavily in the defendant's favor because of the relative ease with which it can be performed. *Id.* at 140–43.

The Government contends that this court should not exercise its discretion to remedy the error. First, it argues that the modifiable nature of the condition means there is no legitimate need to vacate the condition. *See* 18 U.S.C. § 3583(e)(2). It cites our precedents, arguing that Dubois "faces an uphill battle" in satisfying this final step under plain error analysis due to the condition's modifiable nature. *See Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 402 (5th Cir. 2019) (quoting *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015)). Second, the Government highlights that Dubois "asked" the court to permit him to "continue on with his [inpatient] treatment" with the Salvation Army during his final revocation hearing prior to the court handing down his sentence, relying on *United States v. Jacquot*, No. 22-10305, 2023 WL 4540471, at *2 (5th Cir. July 14, 2023) (unpublished). Third, the Government asserts that this court should not exercise its discretion because it is unlikely that Dubois's probation officer will mandate that Dubois be enrolled in an inpatient program, since his probation officer has not, so far, unilaterally invoked the condition — the district court had ordered Dubois to enroll in the Salvation Army inpatient program, not his probation officer.

Dubois responds that the Government failed to cite any precedent in which the court imposed a heightened standard for the exercise of discretion in plain-error review for modifiable conditions in a delegation case. All the

Government's authority is either in *dicta* or not in an improper delegation case. It may be an "uphill battle," Dubois further argues, but the difficulty is not controlling. Dubois also contends his request that the court order him to return to inpatient treatment does not weigh heavily in the balancing because the statement did not express Dubois's general preference but was his "last remaining alternative to revocation." Dubois distinguishes the Government's reliance on the nonprecedential *Jacquot* opinion, where the defendant expressed his desire to enroll in inpatient treatment to his probation officer, not to the court in a proceeding where the defendant's liberty was at stake. Last, Dubois disputes that his probation officer's likelihood to order inpatient treatment is a proper consideration, as allowing an impermissible delegation to carry on for this reason only entrenches the error by allowing it to lurk in the record, further undermining the fairness, integrity or public reputation of judicial proceedings.

We find the Government's arguments unpersuasive. First, for the proposition that the scales tip in the Government's favor when a supervised-release condition is modifiable, the Government cites caselaw inapt for a challenge to improper delegation of the judicial function.[2] This court has recognized that a condition's modifiability generally weighs against exercising our discretion to correct plain error because modifiable conditions impose a lesser restriction on a defendant's liberty. *United States v. Prieto*, 801 F.3d 547, 554 (5th Cir. 2015). While it is true that modifiable conditions generally impose "a less significant deprivation of liberty than one which cannot be altered," the pendulum swings back when the district court improperly delegates the judicial power. *See United States v. Fields*, 777 F.3d

---

[2] *See Sealed Appellee*, 937 F.3d at 402 (*dictum*); *Prieto*, 801 F.3d at 550, 554 (involving First Amendment and statutory challenges to a sentence of supervised release); *United States v. Herrera-Angeles*, 804 F. App'x 244, 248 (5th Cir. 2020) (unpublished).

799, 806 (5th Cir. 2015). The Constitution requires that the terms of a defendant's sentence be decided by an Article III court in part out of "solicitude for the liberty interests of the defendant." *Yurika Huerta*, 994 F.3d at 716–17; *Martinez*, 987 F.3d at 436. It would be strange for this court to presume that an error should go uncorrected when it was caused by the district court's improper outsourcing of the judicial power — an error that undermines the safeguards on the defendant's liberty interests. Because Article III mandates that federal courts decide whether to deprive a criminal defendant of their liberty in imposing a criminal sentence, we decline to apply any presumption against exercising our discretion here.

Second, the Government's one authority for its assertion that requesting inpatient treatment at a revocation hearing as an alternative to revocation weighs heavily in its favor is both nonprecedential and distinguishable. In that case, the panel denied relief because "the particular facts" supported declining to exercise its discretion to grant relief. *See Jacquot*, 2023 WL 4540471, at *2. There, the defendant had earlier informed his probation officer that he wanted an inpatient program. *Id.* at *1. Because he wanted inpatient treatment, giving the probation officer the authority to order it did not affect "the fairness, integrity or public reputation of judicial proceedings." *Id.* at *2 (quoting *Molina-Martinez*, 578 U.S. at 194). Those are not our facts.

Third, even if the probation officer is unlikely to order inpatient treatment, that does not persuade us to leave this error uncorrected. The harm that flows from an impermissible delegation of the sentencing power affects not only the criminal defendant but also the integrity of judicial proceedings — allowing a delegation of the judicial power to subsist because the probation officer will likely not abuse their power misses the point.

We exercise our discretion to remedy the error.

No. 24-11046

The condition that permits Dubois's probation officer to choose between requiring him to enter inpatient or outpatient treatment is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.